leasing the land.    He then devised the land to the plaintiff; and the intention of that devise, presumably, was to vest the fee in the devisee, subject to the lease, so that the plaintiff's title would not become operative until the decease of Cynthia Parish, the widow of testator.    We must certainly assume that the testator had in mind the lease to its full termination when he made his will.    The aim of the courts is to carry out that intention, unless it runs counter to some express provision of law.    The presumptions will all be construed in favor of the lessor testator, in order to make effectual his desires.    In cases somewhat analogous, interpreting the limitations embodied in the statute of frauds, it has been held that it must appear affirmatively and explicitly that the instrument is within the restraints of the statute.    Moore v. Fox, 10 Johns. 244; Trustees of First Baptist Church v. Brooklyn Fire Ins. Co., 19 N. Y. 305; Van Woert v. Railroad Co., 67 N. Y. 538; Rhodes v. Rhodes, 3 Sandf. Ch. 279 (see marg. p. 285); Lockwood v. Barnes, 3 Hill, 128; Blake v. Voigt, 134 N. Y. 69, 31 N. E. 256; Peter v. Compton, 1 Smith, Lead. Cas. 577 (see note of American editors, at page 580).    The court cannot hold, as matter of law, that this instrument will extend for a longer period than 12 years.    Its termination depends upon providential interposition, and not upon the volition of the parties.    So there was no attempt to violate the constitutional interdict, as in some of the cases.    The object of this provision in our constitution was to put an end to the long leases which were fast becoming the titles of the holders of land, thus creating a tenant class.    Estates for life were not sought to be interfered with.    When the subject was before the constitutional convention of 1846, Mr. Brundage, one of the delegates, moved to insert after "years" the words "or natural life of the grantee"; but this was rejected, that implying it was the intention of that body to make the invalidity of leases depend upon the positive terms of the instruments, and not hamper the right of an owner to create an estate for life.    See Debates of Constitutional Convention of 1846 (page 804).

The complaint will be dismissed, with costs of action.

---

(8 App. Div. 605)

## HATCH v. GILLETTE.

(Supreme Court. Appellate Division, Fourth Department. July 30, 1896.)

CONTRACTS—TO PAY MONEY AT DEATH—IMPLIED PROMISE.

An instrument which "requests" money to be paid to plaintiff at the maker's death, for value received, and directs that it shall be paid before anything else, implies a promise that the amount named shall be paid to plaintiff at the maker's death, and is an undertaking by him that his estate shall be charged with the payment of it.

Appeal from special term, Yates county.

Action by Mary A. Hatch (formerly Mary A. Chase) against Matilda Gillette, as executrix of the will of Caleb W. Bishop, deceased, on a written instrument executed by defendant's testator.    From an interlocutory judgment entered on an order overruling a demurrer to the complaint, defendant appeals.    Affirmed.

The opinion of Mr. Justice BRADLEY, at special term, is as follows:

The action is upon a written instrument executed by the defendant's testator, of which the following is a copy, to wit:

"$1000.                                                            Penn Yan, July 23, 1883.

"At my death I request to be paid to Mary A. Chase one thousand dollars for value received if she is my wife this note is void if I should die before she is my wife this is to be paid in full with interest this is to be paid before anything else.                                    C. W. Bishop."

The plaintiff alleges in her complaint that such instrument was made and delivered by the maker of it to the plaintiff for a good and valuable consideration; that she did not become his wife; that his death was followed by probate of his will and the issuance of letters testamentary to the defendant, who declined to recognize the alleged claim of the plaintiff, but rejected it, and refused to refer the matter.

The question presented is not entirely free from doubt. The paper, in terms, contains no express promise to pay. It is urged on the part of the defendant that the request and direction expressed by the testator import a testamentary gift, and that such is the effect to which the instrument is entitled. That contention is not supported if a promise by its terms is implied, because it is alleged that it was made for a valuable consideration. The main question, therefore, is whether or not the testator, by it, promised that the amount be paid to the plaintiff at or after his death. The paper, in any view, is not a promissory note. But the fact that it is not such is not important if it contains a promise to pay the plaintiff the sum mentioned, since it not only states that it was made for value received, but it is alleged to have been for a valuable consideration, executed and delivered by the testator to the plaintiff. If it may be so construed as to import a promise of the testator to pay such sum to her, the instrument may be treated as the undertaking of the maker that the sum be paid at his death, and that his estate be charged with the payment of it. Worth v. Case, 42 N. Y. 362; Carnwright v. Gray, 127 N. Y. 92, 27 N. E. 835. His intention, as there manifested, was that it should be then and so paid; and it may be observed that he not only requested, but directed, that it be then paid, and this was founded upon a consideration received by him, the testator. The direction to pay at his death was, in practical effect, addressed to his personal representative to pay after his decease. And I think it may be treated as if he had, by words to that effect expressed in an instrument, charged himself with the duty to pay a sum certain for a valuable consideration received by him. Thus viewed, it imports that he owed the plaintiff the sum mentioned. This acknowledgment of indebtedness is equivalent to a prior ise to pay such sum to her. Elder v. Rouse, 15 Wend. 218; Kimball v. Huntington, 10 Wend. 675.

If these views are correct, the complaint alleges an undertaking of the testator to pay to the plaintiff a debt which the defendant is required to recognize as valid, and pay, if he has assets with which to do so. And the demurrer should be overruled, with leave to the defendant to answer over within 20 days, on payment of the costs of this demurrer.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

M. A. Leary, for appellant.

Huson & Dwelle, for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, on the opinion of BRADLEY, J., delivered at special term, with leave to defendant to withdraw the demurrer, and to answer upon the payment of the costs of the demurrer and of this appeal.